```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
───────────────────────────────────────

JESSE SUTTON,

                Plaintiff,        24-cv-9846 (JGK)

     - against -                MEMORANDUM OPINION AND
                                                  ORDER

TCI ACQUISITION COMPANY, INC.,

                Defendant.

───────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Jesse Sutton, brought this action in New York State Supreme Court, New York County, against the defendant, TCI Acquisition Company, Inc. ("TCI"), alleging various state law claims relating to TCI's alleged employment of the plaintiff. TCI removed the case to this Court based on diversity jurisdiction. Arguing that the defendant's removal was untimely, the plaintiff now moves to remand. For the following reasons, the plaintiff's motion to remand is **granted**.

I.

    The following facts are taken from the removal documents and from the parties' submissions relating to this motion to remand. These facts are provided merely for background and context. See Sokola v. Weinstein, 20-cv-925, 2020 WL 3605578, at *1 n.2 (S.D.N.Y. July 2, 2020).

1

**A.**

The plaintiff, Jesse Sutton, is an individual that resides in Kings County, New York. Complaint ("Compl.") ¶ 1, ECF No. 1-4. The defendant TCI is a Florida corporation having its principal place of business in Florida. Id. ¶ 2.

The plaintiff brings various state law claims against TCI relating to TCI's alleged employment of the plaintiff. Id. ¶¶ 5-66. Among other relief, the plaintiff seeks damages in the amount of $270,833.45. Id. ¶¶ (a)-(i). At all relevant times, TCI's President believed that the plaintiff was a resident of Kings County, New York. McMillan Decl. ¶¶ 1-5, ECF No. 19.

**B.**

On September 23, 2024, the plaintiff initiated this action by filing a Summons with Notice ("Summons") in New York State Supreme Court, New York County. ECF No. 1-1. The Summons was filed using the state court's electronic filing system, NYSCEF. See id. The Summons set forth the claims asserted and damages sought by the plaintiff. Id. The Summons also listed the Brooklyn, New York address of the plaintiff's attorney and the Florida address of TCI. Id. The Summons, however, did not list the plaintiff's address. See id.

On September 30, 2024, the Summons was served on TCI. ECF No. 1-2. On October 22, 2024, TCI appeared in the action through its attorneys Harvey Kesner and Karen Bernstein, who filed on

2

NYSCEF a joint Notice of Appearance and Demand for Complaint. See ECF No. 1-3.

On November 12, 2024, the plaintiff filed the Complaint using NYSCEF. ECF No. 1-4. The Complaint stated that the plaintiff resided in Kings County, New York. Id. ¶ 1. Pursuant to that filing, the NYSCEF system sent a Notification of Filing of the Complaint, by email, to Bernstein at kbernstein@ssmplaw.com. Louzon 2d. Decl., Exh. 2, ECF No. 21-2. At that time, the email address kbernstein@ssmplaw.com was inactive. ECF No. 23. The plaintiff did not otherwise serve the Complaint. See Louzon 2d. Decl. ¶¶ 1-6, ECF No. 21. On December 5, 2024, the plaintiff filed a motion for default judgment against TCI. Louzon Decl., Exh. 1, ECF No. 12-1.

Bernstein contends that TCI was not aware of the filing of the Complaint until December 17, 2024. Bernstein Decl. ¶¶ 5-9, ECF No. 17. Kesner concurs with Bernstein and states additionally that he relied on Bernstein to check for filings on NYSCEF. Kesner Decl. ¶¶ 4-8, ECF No. 18.

On December 20, 2024, TCI filed the Notice of Removal pursuant to 28 U.S.C. § 1441(b). ECF No. 1. On January 1, 2025, the plaintiff moved to remand this case to state court pursuant to 28 U.S.C. § 1447(c). ECF No. 10.

## II.

### A.

A civil action may be removed to federal court if the parties are diverse, the amount in controversy exceeds $75,000, and the defendant is not a citizen of the forum state. See 28 U.S.C. § 1441(b).[1] Within thirty days after the filing of the notice of removal in federal court, a plaintiff may move to remand the case to state court. 28 U.S.C. § 1447(c). On a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal." Cal. Pub. Emps.' Ret. Sys. v. Worldcom, Inc., 368 F.3d 86, 100 (2d Cir. 2004).[2] Moreover, federal courts construe the removal statutes narrowly, "resolving any doubts against removability." Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 213 (2d Cir. 2013). Remand is proper where there is "any defect" in removal procedure and the plaintiff files a timely motion to remand, or if "the district court lacks subject matter jurisdiction." See 28 U.S.C. § 1447(c); LaFarge Coppee v. Venezolana De Cementos, S.A.C.A., 31 F.3d 70, 72 (2d Cir. 1994).

---

[1] Those requirements are met in this case because the complaint plausibly alleges that the plaintiff is a citizen of New York, the defendant is a citizen of Florida, and the amount in controversy exceeds $75,000. Compl. ¶¶ 1-2, (a)-(i).

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

4

**B.**

The procedure for removal of civil actions is set forth in 28 U.S.C. § 1446. In relevant part, the statute requires the defendant to file the notice of removal "within [thirty] days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "Defects in removal procedure, including lack of timeliness, are not jurisdictional." Burr ex rel. Burr v. Toyota Motor Credit Co., 478 F. Supp. 2d 432, 437 (S.D.N.Y. 2006). "However, the statutory time limit is mandatory and absent a finding of waiver or estoppel, federal courts rigorously enforce [§ 1446(b)(1)]'s thirty-day filing requirement." Id.

In the New York state court system, "a summons with notice may serve as an initial pleading under [§] 1446(b)." Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 205 (2d Cir. 2001). But to qualify as an initial pleading that starts the thirty-day clock for removal, the summons with notice must "enable[] the defendant to intelligently ascertain removability from the face of such pleading"—that is, the summons with notice must "provide[] the necessary facts to support the removal petition." Id. at 205-06. Where, as here, "removal is based upon diversity, the facts required to support the removal petition include the

5

amount in controversy and the address of each party." Id. at 206. Moreover, the "defendant's time to remove is triggered" only after "formal service" of the initial pleading. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999); Whitaker, 261 F.3d at 202-05.

### III.

The plaintiff argues that remand is appropriate because TCI failed to remove this case within thirty days after receipt of the initial pleading. Br. 5-10, ECF No. 11; Rep. 4-9, ECF No. 20. The plaintiff contends that the Notice of Removal was filed eighty-one days after service on TCI of the Summons, the alleged initial pleading. In the alternative, the plaintiff argues that removal took place thirty-eight days after the filing on NYSCEF of the Complaint. In response, TCI argues that the Notice of Removal complied with 28 U.S.C. § 1446(b)(1) because the Summons did not enable TCI to ascertain removability intelligently and because TCI filed the Notice of Removal only three days after TCI's actual receipt of the Complaint. Opp. 4-10, ECF No. 16.

These arguments raise two questions. First, was the Summons an initial pleading for purposes of 28 U.S.C. § 1446(b)? See Whitaker, 261 F.3d at 205-06. Second, did the filing on NYSCEF of the Complaint constitute "formal service"? See Murphy Bros., 526 U.S. at 347-48. Each question is addressed in turn.

6

**A.**

The Summons was not an initial pleading under 28 U.S.C. § 1446(b) because it did not enable the defendant to ascertain removability intelligently from its face. See Whitaker, 261 F.3d at 206.

"In cases where removal is based upon diversity," the initial pleading must include "the address of each party." Id. In this case, the Summons included the addresses of the plaintiff's attorney and TCI. ECF No. 1-1. The Summons, however, did not include the plaintiff's address. See id. The Summons therefore did not enable the defendant to ascertain removability intelligently from the face of the Summons. See Whitaker, 261 F.3d at 206. Therefore, the Summons was not an "initial pleading" within the meaning of § 1446(b). See id.

The plaintiff argues that TCI's actual knowledge of the plaintiff's domicile obviated the need to set forth the plaintiff's address in the Summons. However, § 1446(b) "does not require a defendant to look beyond the initial pleading for facts giving rise to removability." Id. at 206; Marathon CRE 2018-FL1 Issuer, Ltd. v. 257-263 W 34th St. LLC, No. 22-cv-1991, 2023 WL 1815195, at *8 n.8 (S.D.N.Y. Feb. 7, 2023); see also Moltner v. Starbucks Coffee Co., 624 F.3d 34, 38 (2d Cir. 2010) ("[T]he removal clock does not start to run until the plaintiff

serves the defendant with a paper that explicitly specifies the amount of monetary damages sought").

Accordingly, the thirty-day clock for removal did not begin to run on September 30, 2024, the date on which TCI was served with the Summons.

**B.**

Remand is nevertheless proper because the initial pleading for purposes of 28 U.S.C. § 1446(b), the Complaint, was served on TCI on November 12, 2024, the date on which the plaintiff filed the Complaint using NYSCEF.

In the New York State Supreme Court, New York County, pursuant to administrative order, mandatory e-filing is required for civil cases, with exceptions not relevant here.[3] The following rules apply in mandatory e-filing cases. See 22 N.Y.C.R.R. § 202.5-bb(a)(1) (generally incorporating, by reference, 22 N.Y.C.R.R. § 202.5-b). "An e-filing party causes service of an interlocutory document to be made upon another party participating in e-filing by filing the document electronically." 22 N.Y.C.R.R. § 202.5-b(f)(2)(ii).[4] Such

---

[3] Chief Administrative Judge of the Courts, Administrative Order AO/372/21, https://iappscontent.courts.state.ny.us/NYSCEF/live/legislation/AO.372.21.pdf (effective Dec. 22, 2021).

[4] See also N.Y. State Courts Elec. Filing (NYSCEF) Sys., at 29, https://iapps.courts.state.ny.us/nyscef/forms/NYSCEF_User_Manual.pdf (last visited June 27, 2025) (stating that "the act of filing an interlocutory document in the NYSCEF system results in service upon all NYSCEF participants in the case").

8

service, however, "will not be effective if the filing party learns that the notification did not reach the [e-mail service] address of the person to be served." Id. The e-mail address for service is "[t]he e-mail service address recorded at the time of registration." 22 N.Y.C.R.R. § 202.5-b(f)(2)(i). "It is the responsibility of each filing user to monitor that address and promptly notify the Resource Center in the event of a change in his or her e-mail service address." Id.

Under these rules, when the defendant e-files a demand for complaint, the defendant is "reasonably deemed to have consented to e-filing." See Yellen v. Berg, No. 155123/17, 2018 WL 4827941, at *2 (Sup. Ct. Oct. 4, 2018) (citing 22 N.Y.C.R.R. § 202.5-bb); Batra v. Elec. Land Servs., Inc., 980 N.Y.S.2d 274 (Table), at *6 (Sup. Ct. 2013) (citing 22 N.Y.C.R.R. § 202.5-b(f)(2)(ii), aff'd on other grounds, 24 N.Y.S.3d 912 (Mem) (App. Div. 2016). Once the defendant consents to e-filing, "the plaintiff's subsequent service of the complaint through NYSCEF is both proper and required by the [state] court's rules on e-filing." Yellen, 2018 WL 4827941, at *2. "To require service of a hard copy as well[] would defeat the entire purpose of the e-filing system to which the defendant consented." See Kim v. Enterprise-Rent-A-Car, No. 700388/12, 2013 WL 6143339, at *2 (Sup. Ct. Oct. 28, 2013). Thus, once the defendant consents to

service by NYSCEF, it becomes "incumbent upon counsel to check the status of th[e] matter on [NYSCEF]." See id.

In this case, on October 22, 2024, TCI filed on NYSCEF a Notice of Appearance and Demand for Complaint. See ECF No. 1-3. In so doing, TCI "consented to e-filing." See Yellen, 2018 WL 4827941, at *2; Batra, 980 N.Y.S.2d 274 (Table), at *6. Therefore, the plaintiff's subsequent filing on NYSCEF of the Complaint constituted proper service on TCI of the Complaint. See Yellen, 2018 WL 4827941, at *2. That the email address associated with the e-filing system and the defendant's Demand for Complaint—kbernstein@ssmplaw.com—was then inactive is immaterial because it was "incumbent upon [TCI's] counsel to check the status of th[e] matter on the e-filing system." See Kim, 2013 WL 6143339, at *2. Moreover, as the filing user, it was Bernstein's responsibility "to monitor [her e-mail service] address and promptly notify the Resource Center in the event of a change." 22 N.Y.C.R.R. § 202.5-b(f)(2)(i). That Bernstein failed to do so should not permit removal, especially when any doubts should be resolved "against removability." See Purdue, 704 F.3d at 213; cf., e.g., Kier v. Lowery, No. 16-cv-370, 2017 WL 1015319, at *3 (N.D. Okla. Mar. 15, 2017) (finding, in the context of an untimely motion to remand, under Federal Rule of Civil Procedure 60(b)'s excusable neglect doctrine, that "[w]ith respect to [the] plaintiff's argument regarding lack of notice,

10

the Court cannot find that counsel's own failure to update [the federal] CM/ECF [e-filing system] constitutes excusable neglect").

Because the Complaint was served on TCI on October 22, 2024, the thirty-day clock for removal pursuant to 28 U.S.C. § 1446(b) began to run on that date. See Murphy Bros., 526 U.S. at 347-48. The Notice of Removal, however, was filed on December 20, 2024, eight days after the thirty-day clock for removal had expired. Therefore, under § 1446(b), TCI removed this case out of time. Accordingly, the plaintiff's motion to remand is **granted**.

## IV.

Without citing any authority, the defendant requests attorneys' fees and costs. The relevant statute, 28 U.S.C. § 1447(c), provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." That statute provides for an award of costs to the plaintiff, not the defendant. In any event, the defendant has not shown that it is entitled to any such award. The defendant's request for attorneys' fees and costs is therefore **denied**.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are

11

either moot or without merit. For the foregoing reasons, the plaintiff's motion to remand is **granted**. This case is remanded to the New York State Supreme Court, New York County. The defendant's request for attorney's fees and costs is **denied**.

The Clerk is respectfully directed to remand this case to the New York State Supreme Court, New York County. The Clerk is also requested to close all pending motions and to close this case on the docket of this Court.

**SO ORDERED.**

Dated:   New York, New York
         June 28, 2025

_____
John G. Koeltl
United States District Judge